JAMES E. GARLAND and others *vs.* ORLANDO GARLAND.

Penobscot. Opinion December 22, 1881.

*Will. Life-estate. Taxes.*

A testator inserted the following clause in his will: "And it is my desire that if Orlando Garland shall pay the interest annually, on what is due from him, to wit, on $541, that he be not disturbed in his possession of the place where he now resides." *Held*, 1; that Orlando Garland took a life-estate in the premises referred to, on condition that he should pay annually to those lawfully representing the estate, the legal interest on $541. 2; that he should pay all taxes assessed upon the premises during his life-tenancy.

BILL IN EQUITY to obtain a construction of the will of James Garland. Heard on bill, answer and proofs.

The opinion states the case.

*A. W. Paine*, for the plaintiffs.

*P. G. White*, for the defendant, contended that the provision of the will relating to the defendant, clearly expressed the intention of the testator, that all the defendant was to pay was the interest on $541, or what would be equivalent to that, and nothing more, and that intent must control in the construction of the will. 1 Redf. Wills, 440, 454; *Cotton* v. *Smithwick*, 66 Maine, 360; *Mann* v. *Mann*, 1 Johns. Ch. R. 281; 2 Whar. Ev. § 992; Abbott's Trial Ev. 130, 131; *Goodhue* v. *Clark*, 37 N. H. 525 : *Morton* v. *Perry*, 1 Met. 446; *Howard* v. *Am. Peace So.* 49 Maine, 288.

BARROWS, J. In March, 1866, James Garland bought and took a deed of a piece of real estate containing about eighty acres, paying therefor $550, apparently with the design to secure a place for his brother Orlando (who had been impoverished by a fire) to live on. He seems to have permitted Orlando to take possession of it and make improvements on it. In 1869 he made

his will which, shortly afterwards, in July of that year, was duly proved and allowed in the probate court. The clause in it, which we are asked to construe, runs as follows : "And it is my desire that if Orlando Garland shall pay the interest annually, on what is due from him, to wit, on $541, that he be not disturbed in his possession of the place where he now resides." During James' life Orlando paid the taxes assessed upon this place. He has continued to occupy it from the first and it has been assessed to him as the person in possession, according to R. S., c. 6, § 9.

For some years after James' death he paid the interest called for in the above item, and the taxes. Latterly he has declined to pay the interest unless he might be permitted to deduct the amount required to pay the taxes. Hence this process, brought by the heirs of James Garland, to have the rights, interests and duties of the parties under the foregoing clause in his will, ascertained and declared.

James Garland seems to have supposed that Orlando would eventually become the purchaser of the property, and that he had, with that view, up to the time of the making of the will paid the interest and a trifling amount of the principal of James' outlay for the place. But the respondent denies the existence of any contract for the purchase, and as there was none in writing signed by the parties, it is clear that there could be none which would be binding on them or their successors, in law or equity. It is not necessary to decide any of the questions of fact about which the parties differ and offer conflicting testimony ; for without resort to any of these matters, which, however determined, would not affect the construction of the clause in question, the rights and duties of the parties respectively may be readily ascertained.

We think that James Garland gave by his will to his brother Orlando a life-estate in this piece of property, upon condition that Orlando should pay annually to those lawfully representing his estate the legal interest on $541. It follows from this that Orlando should pay the taxes while he possesses the estate. *Transit terra cum onere. Qui sentit commodum, sentire debet et onus.* "It is the duty of the tenant for life to cause all taxes

assessed upon the estate, during his tenancy, to be paid," says SHEPLEY, J., in *Varney* v. *Stevens*, 22 Maine, 334. If the tenant for life neglects to pay the taxes assessed upon the estate during the tenancy and thereby subjects the estate to a sale, the reversioner may maintain an action of waste against him to recover the place wasted and the damages. *Stetson* v. *Day*, 51 Maine, 436.

This duty of paying taxes is entirely independent of the condition imposed by the testator, which calls for the payment of a certain sum annually to his estate in order to entitle the devisee to retain the possession during his life; and the testator says nothing to exempt the tenant for life from its performance. It was the plain duty of the respondent to pay the taxes assessed upon the property as well as the interest to those entitled to it; and the payment of the taxes affords him no ground to claim a rebate upon the interest. He is poor, it is said; he is likely to remain so if he exposes himself to the expense of litigation and his estate to forfeiture in the hope to avoid the payment of the very few dollars which were in dispute here. Yet doubtless equity will permit him, upon repairing waste unwittingly committed, to be relieved from forfeiture incurred. His poverty, of itself, is no reason why he should be relieved from the payment of costs when it is found that he is in the wrong. But it is apparent also that the heirs of James Garland had an interest in having it judicially determined whether his interest in the estate extended beyond the term of his own life, and in having some record evidence of the character of his possession. It turns out that he claims only a life estate and admits his possession to be in its origin permissive and not adverse. Looking at the two-fold object of the process, we think the plaintiffs may well bear a portion of the expenses.

They may tax against the respondent, officer's and clerk's fees and the cost of printing. As to all else let each party pay his own costs.

*Decree to be entered in conformity herewith.*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.